# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RODNEY J. VIVIAN,<br><br>        Plaintiff,<br><br>v.<br><br>TECH PROVEN LLC and TIMOTHY R. SAVAGE,<br><br>        Defendants. | Case No. 15-CV-1567-JPS<br><br><br>**ORDER** |

  On January 5, 2017, pursuant to the parties' executed settlement agreement, the Court dismissed this action with prejudice. (Docket #32). On March 29, 2017, Plaintiff filed an affidavit from his counsel. (Docket #33). In the affidavit, counsel attests that Defendants have defaulted on their payment obligations under the settlement agreement. *Id.* at 1–3. Plaintiff requests that, pursuant to the terms of the agreement, the Court enter a default judgment against Defendants. *Id.* at 3–4. Defendants have not responded to Plaintiff's filing as of the date of this Order, so the Court treats Plaintiff's request as unopposed.

  The parties' settlement agreement requires periodic installment payments toward the total settlement amount of $65,000. (Docket #33-1 at 2–3). The installments were to be paid quarterly (other than the first payment) in the amount of $5,000 for the first payment and $7,500 for the remaining payments. *Id.* The first payment was to be made directly to Plaintiff. *Id.* The next four were to be made to his counsel for their attorney's fees, and the final four paid to Plaintiff. *Id.*

  The agreement further provides that if Defendants should default in their payments, Plaintiffs are obliged to send a notice of default asking for Defendants to cure. *Id.* at 10–11. In the event the default is not cured within

five days, the "stipulation to judgment" appended to the settlement agreement entitles Plaintiff to seek a default judgment in an amount double the original settlement figure of $65,000, less any amount already paid, plus his attorney's fees and costs incurred in collection efforts. *Id.* at 23–28.

Defendants defaulted on their first payment, which was due January 16, 2017. (Docket #33 at 2). Plaintiff's counsel sent a notice of default as to that payment on January 20, 2017. *Id.* at 3. Defendants provided a $5,000 check on January 24, 2017, but it bounced, costing Plaintiff $12.00 in bank fees. *Id.* Defendants thereafter ensured they had adequate funds in the relevant account, and Plaintiff's second attempt to deposit the check succeeded. *Id.*

Defendants then defaulted on the second payment, which was to be $7,500 paid to Plaintiff's attorneys no later than February 15, 2017. *Id.* Plaintiff's counsel sent a notice of default as to this payment on March 2, 2017. *Id.* This time, Defendants did not cure their default. *Id.* Plaintiff's counsel followed up with Defendants' counsel on March 21, 2017, by phone and email, in an effort to facilitate a cure for the default. *Id.* As of the filing of Plaintiff's counsel's affidavit on March 29, 2017, the default was not cured. *Id.* As a result, Plaintiff requests that the Court enter a default judgment in the amount provided in the settlement agreement—$65,000, less the $5,000 already paid, doubled, for a total of $120,000. *Id.* at 4. That sum, combined with Plaintiff's attorney's fees and costs of $1,167 incurred in trying to collect the settlement payments, comes to $121,167. *Id.*

The Court, having received no opposition to Plaintiff's request, and having no independent basis to question the enforceability or applicability of the parties' settlement agreement and stipulation to judgment, will grant Plaintiff's request. The plain terms of these documents, considered alongside counsel's averments that Defendants are in default of their payments and

that Plaintiff has incurred attorney's fees and costs in trying to collect those payments, provide undisputed evidence of the parties' agreement to an entry of default judgment in these circumstances and the agreed-upon measure of damages. *See* Fed. R. Civ. P. 55; *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

Accordingly,

**IT IS ORDERED** that Plaintiff's request for default judgment (Docket #33) be and the same is hereby **GRANTED**; Defendants shall pay to Plaintiff the total sum of $121,167.00, together with post-judgment interest as provided by law and costs as may be taxed by the Clerk of the Court; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge